In re the Petition for DISCIPLINARY ACTION AGAINST Marianne M. MILLOY, an Attorney at Law of the State of Minnesota.

No. C4–91–2460.

Supreme Court of Minnesota.

April 28, 1992.

### ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent Marianne M. Milloy has committed professional misconduct warranting public discipline. In the petition, the Director alleges that a client retained respondent to represent her in a marriage dissolution proceeding; that, at the conclusion of the trial in the dissolution proceeding, the presiding judge instructed respondent and opposing counsel to file findings and conclusions within a specific period of time; that respondent failed to submit proposed findings or argument to the court; that, when the presiding judge entered judgment against respondent's client, respondent filed a motion to amend the judgment and decree; that respondent failed to supplement her motion with a memorandum of law, affidavit and proposed order or to cite any legal authority for her motion; that the presiding judge denied respondent's motion; that respondent then failed to appeal the judgment and decree within the time prescribed for an appeal; that respondent filed an untimely appeal which the court of appeals subsequently dismissed; and that respondent waited several weeks to inform her client that the court of appeals dismissed respondent's appeal, and only informed her client then because the client already had learned of the dismissal from another source. Respondent's disciplinary history includes a 2-year private probation in 1984 for various acts of misconduct in four client matters and a 2-year private probation in 1987 for incompetence, neglect, and failure to communicate in two client matters.

After the petition had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of her procedural rights to hearings as provided in Rule 14 of the Rules on Lawyers Professional Responsibility. Respondent also withdrew her previously submitted answer and unconditionally admitted all of the allegations of the petition. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is public supervised probation for a period of 2 years. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Marianne M. Milloy, hereby is publicly reprimanded and placed on supervised probation for a period

of 2 years commencing with the date of this order, pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. The conditions of respondent's probation shall be as follows:

(a) Respondent shall cooperate fully with the Director in his efforts to monitor respondent's compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct against respondent which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation.

(b) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the name of an attorney who has agreed to be nominated as respondent's supervisor. If the nominated attorney is unacceptable to the Director, respondent shall provide the Director with additional names. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent, on the first day of each month, shall provide the Director with an inventory of active client files described in the following paragraph. Respondent shall make active client files available to the Director upon request.

(c) Respondent shall cooperate fully with the supervisor in the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to her supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, respondent shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director reasonably may request.

(d) Respondent shall initiate and maintain office procedures which ensure that respondent promptly responds to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(e) Respondent shall reduce her caseload to a reasonable level and maintain her caseload at a reasonable level to ensure that each file is handled in a professional manner.

(f) Respondent shall respond promptly to all communications from the Director's Office, the district ethics committee, and her supervisor. If the communication requests a response in writing, respondent shall respond in writing.

(g) If at any time during the period of probation, after giving respondent an opportunity to be heard by the Director, the Director concludes that respondent has violated the conditions of the probation or engaged in further misconduct, the Director may file with this court a petition for disciplinary action against respondent without first submitting the matter to a Panel or Panel Chair.

3. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.